United States District Court
Southern District of Texas
**ENTERED**
December 27, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| EDWARD GUERRERO, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 7:21-cv-00456 |
| | § | |
| STATE FARM MUTUAL AUTOMOBILE | § | |
| INSURANCE COMPANY, | § | |
| | § | |
| Defendant. | § | |

## OPINION AND ORDER

The Court now considers "Plaintiff's Unopposed Motion to Remand."[1] Because the motion is unopposed, the Court considers it as soon as practicable.[2] After considering the motion, record, and relevant authorities, the Court **GRANTS** Plaintiff's motion and **REMANDS** this case to Hidalgo County 206th District Court.[3]

### I. BACKGROUND AND PROCEDURAL HISTORY

This is an insurance dispute arising from a motor vehicle accident. Plaintiff alleges that on or about October 17, 2020, he was injured in a motor vehicle accident.[4] As a result of this accident, Plaintiff sustained physical and mental injuries and incurred over $36,000 of medical expenses.[5] The third-party tortfeasor was uninsured and as a result, Plaintiff sought uninsured motorist benefits from Defendant.[6] Plaintiff asserts that Defendant's "dismissive, superficial and/or cursory lowball and bad faith offers to Plaintiff's uninsured claim is the express and

---

[1] Dkt. No. 5.
[2] LR7.2 ("Motions without opposition and their proposed orders must bear in their caption 'unopposed.' They will be considered as soon as it is practicable.").
[3] Cause No. C-4047-21-D.
[4] Dkt. No. 1-2 at 5.
[5] *Id.*
[6] *Id.*

specific conduct that violated several sections of the Texas Insurance Code, and proximately cause Plaintiff to sustain new and independent compensable injuries and damages."[7]

Plaintiff commenced this case on October 1, 2021 by filing his original petition in Texas state court.[8] Defendant was served on November 1, 2021[9] and removed to this Court on November 29, 2021.[10] Plaintiff filed an unopposed motion to remand on December 17, 2021.[11]

## II. DISCUSSION

### a. Legal Standard

The Court must police its own subject matter jurisdiction on its own initiative.[12] It is a "well-settled principle that litigants can never consent to federal subject matter jurisdiction, and the lack of subject matter jurisdiction is a defense that cannot be waived."[13] District courts have limited jurisdiction and the authority to remove an action from state to federal court is solely conferred by the Constitution or by statute.[14] "Removal [to federal court] is proper only if that court would have had original jurisdiction over the claim."[15] While the Court has jurisdiction to determine its jurisdiction,[16] it cannot exercise any "judicial action" other than dismissal when the Court lacks jurisdiction.[17] It is also a "long-standing canon of statutory interpretation that

---

[7] *Id.* at 5, ¶ 8.

[8] Dkt. No. 1-2 at 3.

[9] *Id.*

[10] Dkt. No. 1.

[11] Dkt. No. 5.

[12] *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999).

[13] *Gonzalez v. Guilbot*, 255 F. App'x 770, 771 (5th Cir. 2007) (citing *Coury v. Prot,* 85 F.3d 244, 248 (5th Cir.1996)); *see* 28 U.S.C. § 1447(c).

[14] *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

[15] *Heritage Bank v. Redcom Labs., Inc.*, 250 F.3d 319, 323 (5th Cir. 2001); *accord Halmekangas v. State Farm Fire & Cas. Co.*, 603 F.3d 290, 294 (5th Cir. 2010)

[16] *United States v. Ruiz*, 536 U.S. 622, 628 (2002) ("[I]t is familiar law that a federal court always has jurisdiction to determine its own jurisdiction.").

[17] *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998).

removal statutes are to be construed strictly against removal and for remand"[18] so "any doubt as to the propriety of removal should be resolved in favor of remand."[19]

If the removing party claims federal diversity jurisdiction under 28 U.S.C. § 1332, the removing party must demonstrate complete diversity: that each defendant is a citizen of a different state from each plaintiff[20] and the amount in controversy exceeds $75,000.[21] When the amount in controversy is at issue, the Court makes an arithmetical assessment of the claims and values at issue as of the moment of removal; subsequent events which purport to change the amount in controversy do not oust the Court's jurisdiction.[22] The party invoking federal diversity jurisdiction "bears the burden of establishing the amount in controversy by a preponderance of the evidence."[23] "The removing defendant can meet its burden if it shows by a preponderance of the evidence that: "(1) it is apparent from the face of the petition that the claims are likely to exceed $75,000, or, alternatively, (2) the [removing party] sets forth 'summary judgment type evidence' of facts in controversy that support a finding of the requisite amount"[24] such as

---

[18] *Bosky v. Kroger Texas, LP*, 288 F.3d 208, 211 (5th Cir. 2002) (quotation omitted).

[19] *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008) (quotation omitted).

[20] *Corfield v. Dall. Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003); *see McLaughlin v. Miss. Power Co.*, 376 F.3d 344, 353 (5th Cir. 2004) (quotation omitted) ("[A]ll persons on one side of the controversy [must] be citizens of different states than all persons on the other side.").

[21] *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) (citing 28 U.S.C. § 1332(a)(1)).

[22] *Carter v. Westlex Corp.*, 643 F. App'x 371, 376 (5th Cir. 2016); *see Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) ("To determine whether jurisdiction is present for removal, we consider the claims in the state court petition as they existed at the time of removal."); *Campbell v. Stone Ins., Inc.*, 509 F.3d 665, 668 n.2 (5th Cir. 2007); *Pullman Co. v. Jenkins*, 305 U.S. 534, 537 (1939) (holding that removal is to be "determined according to the plaintiffs' pleading at the time of the petition for removal.").

[23] *Hartford Ins. Grp. v. Lou-Con Inc.*, 293 F.3d 908, 910 (5th Cir. 2002); *accord Morton v. State Farm Ins. Co.*, 250 F.R.D. 273, 274 (E.D. La. 2008) (citing *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295 (5th Cir. 1999)) ("In order to remain in federal court, the removing party must prove by a preponderance of the evidence that the jurisdictional minimum exists."); *Scarlott v. Nissan N. Am., Inc.*, 771 F.3d 883, 888 (5th Cir. 2014) (if the plaintiff did not state a specific amount in the complaint, "the removing defendant has the burden of proving, by a preponderance of the evidence, that the amount in controversy exceeds" the jurisdictional threshold).

[24] *Chavez v. State Farm Lloyds*, 746 F. App'x 337, 341 (5th Cir. 2018) (alteration in original) (quotation omitted); *see Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995) (citations omitted) ("First, a court can determine that removal was proper if it is facially apparent that the claims are likely above $50,000. If not, a removing attorney may support federal jurisdiction by setting forth the *facts* in controversy—preferably in the removal petition, but sometimes by affidavit—that support a finding of the requisite amount.").

"affidavits and deposition testimony."[25] If the plaintiff claims a specific amount in the complaint, the amount stated "is itself dispositive of jurisdiction if the claim is apparently made in good faith."[26] In other words, "where the district court is making the 'facially apparent' determination, the proper procedure is to look only at the face of the complaint and ask whether the amount in controversy was likely to exceed" the requisite $75,000.[27] However, a plaintiff's bare allegations do not "invest a federal court with jurisdiction."[28] The Fifth Circuit explained,

> [w]hile a federal court must of course give due credit to the good faith claims of the plaintiff, a court would be remiss in its obligations if it accepted every claim of damages at face value, no matter how trivial the underlying injury. This is especially so when, after jurisdiction has been challenged, a party has failed to specify the factual basis of his claims. Jurisdiction is not conferred by the stroke of a lawyer's pen. When challenged, it must be adequately founded in fact.[29]

Therefore, when a plaintiff challenges a defendant's assertion that the amount in controversy exceeds $75,000, the defendant must set forth evidence of the amount in controversy.[30] If the removing party carries its burden, the party opposing removal "may avoid removal by showing, to a legal certainty, that recovery will not exceed the jurisdictional threshold."[31]

Generally, attorneys' fees are not includible in determining the amount in controversy, but the exceptions are when attorneys' fees are provided for by contract and when "a statute mandates or allows the payment of such fees."[32] For example, when ascertaining the amount in

---

[25] *Hart v. Bayer Corp.*, 199 F.3d 239, 247 (5th Cir. 2000).

[26] *Scarlott*, 771 F.3d at 888 (quotation omitted).

[27] *Allen*, 63 F.3d at 1336.

[28] *Dow Agrosciences LLC v. Bates*, 332 F.3d 323, 326 (5th Cir. 2003), *abrogated on other grounds*, 544 U.S. 431 (2005).

[29] *Diefenthal v. C. A. B.*, 681 F.2d 1039, 1052 (5th Cir. 1982).

[30] *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 88–89 (2014) (quoting 28 U.S.C. § 1446(c)(2)(B) & H.R. REP. NO. 112-10 at 16 (2011)).

[31] *Chavez*, 746 F. App'x at 341. The amount claimed controls unless it can be demonstrated "to a legal certainty that the claim is really for less than the jurisdictional amount." *Allen*, 63 F.3d at 1335 (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)); *accord De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1409 (5th Cir. 1995) (holding that, if the amount claimed is not in good faith, "[i]t must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal").

[32] *Velez v. Crown Life Ins. Co.*, 599 F.2d 471, 474 (1st Cir. 1979).

controversy under an insurance policy, the amount may include the policy limits, potential attorneys' fees, penalties, statutory damages, and punitive damages, but not interest or costs.[33]

### b.  Analysis

Plaintiff's motion for remand asserts that Defendant's notice of removal incorrectly relies upon

> language contained in Plaintiff's ***First*** Amended Original Petition that was served on Defendant on October 1, 2021. When Defendant filed its Application and Notice of Removal on November 29, 2021, Plaintiff's First Amended Original Petition was no longer Plaintiff's live and controlling original pleading because it had been superseded and replaced by Plaintiff's ***Second*** Amended Original Petition, which was filed on November 16, 2021.[34]

While Plaintiff's second amended petition contains the language required by Texas Rules of Civil Procedure and cited by Defendant as the basis for removal, Plaintiff also included a "Stipulation of Damages affirming that he was seeking monetary damages of less than $75,000.00 and that he would not accept any damages or a judgment in excess of $75,000.00."[35]

In Defendant's notice of removal, it filed a copy of Plaintiff's first amended original petition but failed to file a copy of the second amended petition. However, Defendant did file a copy of the register of actions referring to the filing of the second amended original petition. It is unclear to the Court why Defendant would willfully fail to include a copy of the most recent petition and the purported stipulation absent bad faith. Regardless, since Plaintiff's motion to remand is unopposed, the Court hereby **GRANTS** the motion.

### III. CONCLUSION AND HOLDING

---

[33] *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 & nn.6–7 (5th Cir. 1998).
[34] Dkt. No. 5 at 3 (internal citations omitted).
[35] Dkt. No. 5-2 at 7.

For the foregoing reasons, the Court **GRANTS** Plaintiff's motion to remand[36] and **REMANDS** this case to the 206th Judicial Court of Hidalgo County, Texas. This case is terminated and the Clerk of the Court is instructed to close the case.

IT IS SO ORDERED.

DONE at McAllen, Texas, this 27th day of December 2021.

_____
Micaela Alvarez
United States District Judge

---

[36] Dkt. No. 5.